NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN MAYS,<br>        Plaintiff,<br><br>        v.<br><br>CORRECTIONAL MEDICAL SERVICES,<br>INC., *et al.*,<br>        Defendants. | Civ. No. 05-1463 (GEB)<br><br>**OPINION** |

**BROWN, C.J.**

This matter comes before the Court upon Defendants Correctional Medical Services, Doctor Achebe, Doctor Donkor, Doctor Talbot, and Nurse Mary Amato's (collectively referred to as "Defendants") unopposed motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c). The Court decided the motion based on the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendants' motion.

**BACKGROUND**

*Pro se* Plaintiff Marvin Mays ("Plaintiff") filed suit against Defendants on March 16, 2005 pursuant to 42 U.S.C. § 1983 alleging constitutional violations.[1] (Compl. ¶ 2). Specifically, Plaintiff alleges that Defendants' conduct rose to the level of cruel and unusual punishment in violation of the Eighth Amendment when Defendants failed to provide him with adequate medical care. (*Id.*)

---

[1] Plaintiff also names John Does # 1-20 as defendants in his Complaint.

Plaintiff, a state prisoner, alleges that he is diagnosed with Human Immunodeficiency Virus ("HIV"). (*Id.*). Plaintiff also alleges that he suffers from neuropathy and pain resulting from a fall. (*Id.* ¶¶ 26, 30). Although Plaintiff admits in his Complaint that he received medical treatment for these conditions, Plaintiff asserts that such treatment was inadequate and therefore violated his constitutional rights. (*Id.* ¶¶ 18-56). Plaintiff seeks injunctive, compensatory and declaratory relief, as well as punitive damages.

In the present motion, Defendants move for dismissal of all medical malpractice or negligence claims asserted in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 56(c). Defendants contend that Plaintiff failed to serve an affidavit of merit as required by title 2A, Chapter 53A of the New Jersey Statutes. Plaintiff does not oppose this motion.

## DISCUSSION

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996); *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), *cert. denied*, 490 U.S. 1098 (1989); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts

and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

A movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. *See Celotex,* 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," *id.* at 322, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

Under New Jersey statute, a plaintiff seeking damages against "licensed persons" based on an alleged act of negligence or malpractice must "provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices."[2] N.J. STAT. ANN. § 2A:53A-26 (West 2006). The affidavit must be served within sixty days from the date the Answer was filed. *Id.* A court may grant an extension of no more than sixty-days upon a showing of good

---

[2] The statue identifies, *inter alia*, a "physician in the practice of medicine or surgery" and a "registered professional nurse" as "licensed persons." N.J. STAT. ANN. § 2A:53A-26.

cause. *Id*. Failure to comply with this requirement "shall be deemed a failure to state a cause of action." § 2A:53A-29.

As a preliminary matter, the Court notes that Plaintiff's Complaint appears to only include federal constitutional violation claims. (*See e.g.* Compl. ¶¶ 2, 6). However, mindful of the Court's responsibility to construe *pro se* pleadings liberally, *United States v. Miller,* 197 F.3d 644, 648 (3d Cir. 1999) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)), to the extent Plaintiff asserts negligence claims based on state law, the Court will now determine whether he is barred from pursuing these claims as a result of failing to comply with the statute.

The uncontested facts of the record demonstrate the following: 1) Defendants are "licensed persons" as defined by the statute, (Defs.' Statement of Undisputed Material Facts ¶¶ 4-8); 2) Plaintiff was required to serve an affidavit of merit upon Defendants by December 7, 2005, (*id.* ¶ 10); 3) Plaintiff failed to serve the affidavit upon each defendant; and 4) Plaintiff has not obtained any extension from the Court. (*Id.*). Based on the record and the uncontested representations set forth by Defendant, the Court concludes that summary judgment on this issue is proper as there are no genuine issues of material fact. Plaintiff failed to comply with statutory requirements with regard to any negligence claims against Defendants. Therefore, the Court will dismiss these claims with prejudice and Plaintiff may proceed with his federal claims. Consequently, Defendants' motion is granted.

**III.     CONCLUSION**

For the foregoing reasons, Defendants' motion is granted. All state law claims asserting medical malpractice or negligence in Plaintiff's Complaint are hereby dismissed with prejudice. An appropriate form of order accompanies this Memorandum Opinion.


                                                                  s/ Garrett E. Brown, Jr.
                                                              GARRETT E. BROWN, JR., U.S.D.J.